[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-15132
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cv-00893-CLM

MICHELLE DENISE JONES,

Plaintiff-Appellant,

versus

ALABAMA INSTITUTE FOR THE DEAF AND BLIND,
JAIMIE JOHNSON,
LARRY STONE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 5, 2020)

Before MARTIN, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Michelle Jones, proceeding pro se, appeals the district court's order dismissing her complaint against her employer, the Alabama Institute for the Deaf and Blind ("AIDB"), Jamie Johnson, Jones's supervisor at AIDB, and Larry Stone, a grounds man at AIDB.  After careful review, we affirm.

On June 11, 2019, Jones filed a complaint for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621.  In her complaint, she stated that all three defendants had the same address.  She alleged that the defendants violated Title VII and the ADEA by discriminating against her in her termination, failing to promote her, retaliating against her, harassing her, defaming her, slandering her, and imposing unequal terms and conditions of employment on her.  She said Defendants discriminated against her in this way because she is African American and female.  She attached to her complaint a right-to-sue letter from the EEOC and her charge to the EEOC, which indicated she also believed she was discriminated against based on her sexual orientation.

AIDB moved to dismiss Jones's complaint, arguing that her claims failed as a matter of law and that her requested damages exceeded the statutory limit.  A little over a month later, on September 3, 2019, the district court issued a show cause order, ordering Jones to respond to the motion by September 24.  Jones did not respond.

2

On September 5, 2019, Johnson and Stone moved to dismiss the complaint because they were not personally served, and Nadine Ballard, a human resources employee at AIDB, was not authorized to accept service on their behalf. On October 1, 2019, the district court again ordered Jones to show cause, this time by October 31, as to why her complaint should be not dismissed under either motion. The district court said Jones "must respond to BOTH motions to dismiss," and the failure to do so would result in dismissal of her complaint. When Jones failed to respond, the district court entered an order dismissing her case.[1]

On appeal, Jones appears to argue the merits of her claims. She does not address the district court's dismissal for failure to prosecute. Defendants argue we should affirm the district court's order because Jones has not shown that the district court abused its discretion in dismissing her case for want of prosecution. They also claim Jones did not argue any grounds for reversal of the district court's order so she has abandoned those claims. In her reply, Jones says she failed to file a timely response to the motions to dismiss due to "unforeseen circumstances," and that she received an extension to file her notice of appeal.

---

[1] Jones thereafter submitted a "Request for Appeal" on December 23, 2019, asking the district court to have "mercy" on her so that she could appeal the order of dismissal. The district court did not respond to Jones and construed her request as a notice of appeal. This appeal followed.

"While we read briefs filed by <u>pro se</u> litigants liberally, issues not briefed on appeal by a <u>pro se</u> litigant are deemed abandoned." <u>Timson v. Sampson</u>, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) (citation omitted). Therefore, because Jones does not argue the district court erred by finding she failed to prosecute her case, she has abandoned that issue. And although Jones attempts to raise the argument in her reply,[2] "we do not address arguments raised for the first time in a <u>pro se</u> litigant's reply brief." <u>Id.</u>

**AFFIRMED.**

---

[2] Jones explains in her reply brief that she was in an accident and suffered from mental health issues. She says that, following her accident, she had difficulty receiving and mailing documents because she was recovering from a neck and back injury and lacked transportation.